[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 24, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11434
Non-Argument Calendar
_____

BIA No. A97-660-549

CHANG ZHONG WANG,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(August 24, 2006)**

Before DUBINA, HULL and FAY, Circuit Judges.

PER CURIAM:

Chang Zhong Wang, a native and citizen of the People's Republic of China, petitions for review of the Board of Immigration Appeals' ("BIA") affirmation of the Immigration Judge's ("IJ") denial of asylum, 8 U.S.C. § 1158(a)(1), withholding of removal under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(b)(3), and protection under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 208.16(c). Wang challenges the IJ's and BIA's adverse credibility determinations as well as their conclusions that he was not entitled to asylum, withholding of removal, or CAT relief. For the reasons set forth more fully below, we deny the petition.

Wang's application for relief is based on the birth of his children within four years of each other in violation of China's family planning policy. Wang alleged that, as a result of this violation, in December 1990, his wife was forcibly sterilized and he was fined 50,000 RMB.[1] Because he did not have that much money, Wang fled to Fuzhou City for nine years. Following his return home on May 15, 2000, he was detained by family planning officers for three days before escaping to his aunt's house in Aojiang Town, where he stayed for three years.

The IJ denied asylum, withholding of removal, and CAT relief. The IJ noted that it lacked credible testimony from Wang that his wife's sterilization was

_____

[1] According to Wang, one U.S. dollar is worth between 8 and 9 RMB.

involuntary and found that, because Wang was not credible, he failed to meet his burden to establish asylum eligibility. Because Wang did not establish asylum eligibility, the IJ found that he also failed to establish eligibility for withholding of removal. The IJ also found that Wang had not shown that he would more likely than not be tortured if returned to China. The BIA adopted and affirmed the IJ's opinion and further found that, in light of material discrepancies in Wang's claim of past persecution, IJ did not clearly err in finding that Wang had not established a well-founded fear of persecution.

Because the BIA both adopted the IJ's decision and made additional findings, we review both the BIA's decision and the IJ's decision. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). We review factual determinations, including credibility determinations, using the substantial evidence test. Forgue v. U.S. Att'y Gen., 401 F.3d 1282, 1286 (11th Cir. 2005). We will affirm if the decision "is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. (citation and quotation marks omitted). We review the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision. Id. To conclude that the IJ or BIA should be reversed, we "must find that the record not only supports that conclusion, but compels it." Fahim v. U.S. Att'y Gen., 278 F.3d 1216, 1218 (11th Cir. 2002) (citation and quotation marks omitted). "[T]he

3

mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005). To the extent the IJ's or BIA's decision was based on a legal determination, review is de novo. Mohammed v. Ashcroft, 261 F.3d 1244, 1247-48 (11th Cir. 2001).

The IJ must make an explicit credibility determination. Yang v. U.S. Att'y Gen., 418 F.3d 1198, 1201 (11th Cir. 2005). In this case, the IJ explicitly found Wang's testimony not credible. "Once an adverse credibility finding is made, the burden is on the applicant alien to show that the IJ's [or BIA's] credibility decision was not supported by 'specific, cogent reasons' or was not based on substantial evidence." Forgue, 401 F.3d at 1287. "The trier of fact must determine credibility, and this court may not substitute its judgment for that of the [IJ or] BIA with respect to credibility findings." D-Muhumed v. U.S. Att'y Gen., 388 F.3d 814, 818 (11th Cir. 2004).

When only the applicant's testimony is offered in support of his claim, an adverse credibility determination, by itself, is sufficient to support the denial of asylum. Forgue, 401 F.3d at 1287. However, if the applicant offers "other evidence of persecution, whatever form it may take, the IJ [and BIA] must consider that evidence, and it is not sufficient . . . to rely solely on an adverse credibility determination in those instances." Id. An applicant who fails to establish

4

eligibility for asylum on the merits necessarily fails to establish eligibility for withholding of removal or CAT relief.  Id. at 1288 n.4.

Among the reasons cited by the IJ and BIA for finding Wang not credible and rejecting his claim of persecution were inconsistencies regarding Wang's children, the registration of his marriage, and his detention in May 2000.  These inconsistencies, particularly when viewed as a whole, are not merely incidental to Wang's claim, and provide substantial evidence in support of the adverse credibility findings.  Wang's claim is based on having two children in violation of the family planning policy, yet he provided inconsistent evidence as to whether he had two sons or a son and a daughter and as to their dates of birth.  The May 2000 incident was the only one in which Wang was physically assaulted, yet he provided inconsistent testimony about when it occurred.  His application stated that the family planning officials came "[n]ot even two days past" his return, while he testified that he was detained the same day of his return.

As to the registration of his marriage, Wang initially testified that his wife went by herself to register the marriage, first stating that she did this in 2000, but then testifying that it was in 2004.  When confronted with documentary evidence that he and his wife registered their marriage together on September 30, 2002, Wang testified that he went with his wife to register.  Not only do these inconsistencies raise an inference that, contrary to Wang's testimony, a marriage

5

was never registered, but, more importantly, Wang's final testimony that he went with his wife in 2002 raises further inconsistencies relating to his alleged persecution. Wang was from Beiyue Village, Fengcheng Town, and the marriage was registered in Fengcheng Town. Wang could not have returned to register his marriage with his wife if, as he claimed elsewhere, he stayed away from his family between 2000 and 2003, and, after fleeing to his aunt's house in Aojiang Town in 2000, did not return to his hometown.

In light of these inconsistencies, the record does not compel the conclusion that Wang was credible. Although Wang provided various pieces of documentary evidence, the only evidence of an involuntary sterilization, a fine, or Wang's detention by the government are his own statements. As the IJ's and BIA's adverse credibility determinations are supported by substantial evidence, the record does not compel reversal of the IJ's and BIA's denial of asylum, withholding of removal, and CAT relief. Forgue, 401 F.3d at 1287, 1288 n.4.

In light of the foregoing, we deny the petition.

**PETITION DENIED.**